IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLEMENTS U. AKARA,<br><br>Defendant. | 4:14-CR-3129<br><br>AMENDED TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 39) and filed a motion for variance (filing 38).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report (filing 39), contending that a two-level enhancement for "sophisticated means" is unwarranted. *See* U.S.S.G. § 2B1.1(10)(C). The Court will resolve that objection at sentencing. In making that determination, the Court will consider whether the underlying offense involved "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." *United States v. Bolt*, 782 F.3d 388, 391 (8th Cir. 2015) (citing § 2B1.1 cmt. n.9(B)); *United States v. Bistrup*, 449 F.3d 873, 882 (8th Cir. 2006); *United States v. Anderson*, 349 F.3d 568, 570 (8th Cir. 2003). Even if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme. *United States v. Norwood*, 774 F.3d 476, 479 (8th Cir. 2014); *see, United States v. Kieffer*, 621 F.3d 825, 835 (8th Cir. 2010); *United States v. Jenkins*, 578 F.3d 745, 751 (8th Cir. 2009); *Bistrup*, 449 F.3d at 882. Whether a scheme is sophisticated must be viewed in light of the fraudulent conduct and differentiated, by assessing the intricacy or planning of the conduct, from similar offenses conducted by different defendants. *United States v. Hance*, 501 F.3d 900, 909 (8th Cir. 2007). "Sophisticated means" need not be highly sophisticated, and the enhancement may be proper when the offense conduct, viewed as a whole, was notably more intricate than that of the garden variety offense. *Norwood*, 774 F.3d at 480; *Hance*, 501 F.3d at 909.

   The defendant has also moved for a variance (filing 38) based on his personal characteristics. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings,

supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 2nd day of December, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge